**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

KRIS REYNOLDS
ADC #168915 PLAINTIFF

v. 4:26-cv-00633-DPM-JJV

GREEN BAY PACKAGING; *et al.* DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I. INTRODUCTION

In June 2026, Plaintiff Kris Reynolds and several other prisoners in the Cummins Unit attempted to file a joint Complaint raising numerous claims. (Doc. 2.) Pursuant to Court policy, the Clerk severed the Complaint into separate lawsuits. On July 1, 2026, I explained to Plaintiff why the Complaint failed to state plausible and properly joined claims, gave him thirty days to file an Amended Complaint curing those pleading deficiencies, and cautioned him that I would recommend dismissal if he did not properly comply with my instructions. (Doc. 5.) Plaintiff has not filed an Amended Complaint, and the time to do so has passed. Thus, I will screen his original Complaint pursuant to 28 U.S.C. § 1915A.

## II. DISCUSSION

The Complaint is a series of conclusory, disjointed, and difficult to understand allegations against eleven Defendants. Specifically, the Complaint says: (1) United States District Judge J.M. "Doe" made unfavorable rulings in *Griffin v. Huckabee*, 4:25-cv-1097-JM-JJV; (2) Warden Payne and Arkansas Governor Huckabee Sanders maintained policies or customs prohibiting prisoners from exhausting administrative remedies, changing their business and personal names, and filing taxes; (3) Wardens Mussellwhite and Payne caused prisoners' unspecified claims to be dismissed and interfered with their various business ventures; (4) Warden Payne, Warden Mussellwhite, and Treatment Coordinator Bailey placed prisoners on twenty-four hour lock down, denied them access to the courts in unexplained ways, somehow infringed their exercise of their religious beliefs, took $12 every month from their inmate accounts, and violated their due process and equal protection rights in unspecified ways; (5) United States Magistrate Judge Ervin made unfavorable rulings in *Griffin v. Ryals*, 4:24-cv-585-KGB-ERE; (6) the Green Bay Packaging company took a prisoner's land through a fraudulent survey; (7) Warden Payne hired a new messaging company that negatively impacted prisoners' businesses and ability to communicate with their families; (8) Wardens Mussellwhite and Payne affirmed false and retaliatory disciplinary convictions; (9) Governor Huckabee, Warden Mussellwhite, and Warden Payne gave prison guards "lethal/non-lethal combat tools" without proper training; (10) Governor Huckabee, Warden Mussellwhite, Warden Payne, Sergeant Gunn, and Sergeant Bieler issued or affirmed false disciplinary convictions that negatively impacted parole eligibility; and (11) Sergeants Gunn and Bieler

sexually harassed prisoners in unspecified ways.[1] After careful consideration, I conclude the Complaint should be dismissed for failing to state a plausible claim for relief for the following reasons.

First, the allegations are conclusory without any factual support, which is insufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (explaining "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a viable § 1983 claim).

Second, as "a general rule a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties." *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008). This means that prisoners cannot bring claims on behalf of other prisoners. Instead, a prisoner must have personally experienced the constitutional violation and explain how he or she was personally harmed. *Johnson v. State of Mo.*, 142 F.3d 1087, 1088-91 (8th Cir. 1998); *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996). Because the Complaint was written on behalf of a group, it is impossible to determine what constitutional violations Plaintiff suffered, how long he suffered them, or how he was personally harmed. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation").

Third, a § 1983 action can only be brought for a violation of federal constitutional law by

---

[1] These factually and legally unrelated claims against numerous Defendants are not properly joined under Fed. R. Civ. P. 20(a)(2). As noted by other courts, a *pro se* litigant cannot throw a myriad of claims at the court to "see what sticks." *See Pierce v. Homecomings Fin., LLC,* No. 1:17-cv-882-BKS-CFH, 2018 WL 2187384, at *5 (N.D.N.Y. Feb. 1, 2018); *Scarlett v. United States*, No. 16-80017-CR, 2017 WL 11473755, at*17 (S.D. Fla. Dec. 7, 2017). However, the remedy for misjoinder is the severance of unrelated claims and not dismissal of the entire lawsuit. *See* Fed. R. Civ. 21; *Scott v. Watson,* Case No. 15-2497, 2015 WL 5472532, (8th Cir. Sept. 18, 2015).

a state actor. *See* 42 U.S.C. § 1983; *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022). Defendant Green Bay Packaging does not appear to be a state actor. Claims regarding business transactions and property disputes are typically matters of state law. And, Plaintiff has not explained how several of his other allegations are a constitutional violation

Fourth, judges are entitled to absolute immunity for judicial actions over which they have jurisdiction. *See Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020) (quoting *Mireles v. Waco,* 520 U.S. 9, 10 (1991)). Displeasure with a judge's unfavorable ruling does not defeat that absolute immunity. *Stump v. Sparkman*, 435 U.S. 349, 356 57 (1978).

Fifth, prisoners do not have a constitutional right to a grievance procedure. *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002)*; Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). While such interference can be relevant if a defendant later raises a lack of exhaustion defense, it is not a plausible claim or basis for recovery. *See* 42 U.S.C. § 1997e(a) (a prisoner is only required to exhaust "available" administrative remedies).

Sixth, prisoners do not have a constitutional right to parole. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011); *Hamilton v. Brownlee*, Case No. 06-2304, 2007 WL 1655681 (8th Cir. Jun. 8, 2007). Nor do they have a right to due process during disciplinary proceedings unless they resulted in an atypical or significant hardship, which has not been alleged here. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Spann v. Lombardi*, 65 F.4th 987 (8th Cir. 2023). Finally, even if Plaintiff had a liberty interest in maintaining good time credits that were lost as a result of disciplinary hearings, the restoration of good time credits must be pursued in a habeas action after exhausting state court remedies. *See Muhammad v. Close*, 540 U.S. 749, 750-51 (2004); *Portley-El*, 288 F.3d 1063, 1066 (8th Cir. 2002). And that holding applies even when a prisoner seeks

damages in lieu of or in addition to the restoration of good time credits. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).

Finally, Plaintiff's vague statements about sexual harassment are insufficient to state a plausible constitutional claim. *See Kurtz v. City of Shrewsbury,* 245 F.3d 753, 759 (8th Cir. 2001); *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Howard v. Everett*, Case No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished opinion).

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. In the future, dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 4th day of August 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE